James Raymond as an individual and successions in interest to decedent AUGUSTUS JOSHUA CRAWFORD
320 4th Street
Bakersfield, California 93304
Telephone (661) 316-2738



FILED

MAR 0 5 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATE DISTRICT COURT FOR
THE EASTERN DISTRICT OF CALIFORNIA

James Raymond as an individual and as succession in interest to decedent AUGUSTUS JOSHUA CRAWFORD
    Plaintiff,

v.

BAKERSFIELD POLICE OFFICER WARREN MARTIN, Does 1 to 20, inclusive
    Defendants

Case No.
1: 1 8 CV   0 0 3 0 7 DAD JLT

Complaint for LAWSUIT
[42 U.S.C. Section 1983
and C.C.P. 377.60]

James Raymond an individual and father and successor in interest to the decedent AUGUSTUS JOSHUA CRAWFORD, brings this action on behalf of his deceased son AUGUSTUS JOSHUA CRAWFORD. Plaintiff alleges:

1. The jurisdiction of this court is invoked pursuant to 28 U.S.C. Section 1343 (a) (3),, this being an action in equity authorized by law to brought in redress the Deprivation under color of state law, statute, ordinance, regulation, custom, or usage of a right, privilege.

2. Plaintiff James Raymond at all relevant times was/is resident of the City of Bakersfield, State of California.

1.

RECEIVED

MAR 05 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

3.  Defendant Bakersfield Police Department WARREN MARTIN is being sued in his "individual capacity" as a Police Officer of the City of Bakersfield as he was acting in that capacity employee, agent, and servant of the City of Bakersfield when he shot the plaintiff.

4. The Defendant City of Bakersfield is a municipal corporation within the State of California and at all times relevant hereto employed the Defendant WARREN MARTIN.

4.  Upon information and belief, Defendant WARREN MARTIN is a resident of the City Bakersfield, California.

5. The amount in controversy exceeds the sum of $10,000.00 and is therefore within the jurisdiction of this Court.

6. The Defendant is not entitled to qualified immunity or governmental immunity as the law was "clearly established" at the time of the shooting a police officer is not entitled to use "deadly force" an unarmed/non-life threatening action of fleeing from arrest for a typical "traffic violation."

7. On the date of the fatal shooting (November 6, 2017) the Defendant WARREN MARTIN went to or was in vicinity of Plana Road and South "H" Street, Bakersfield, California, seeking to take into custody Plaintiff AUGUSTUS JOSHUA CRAWFORD, (deceased) because Defendant WARREN MARTIN believed that Decedent was fleeing from law enforce-ment officers a "traffic violation."

2.

8. Upon Defendant WARREN MARTIN's arrival at the scene of the pursuit of Plaintiff AUGUSTUS JOSHUA CRAWFORD, had existed the vehicle he was in and began running from the pursuing law enforcement officers in attempting to elude arrest thereupon Defendant WARREN MARTIN became enraged because he could no physically "catch-up" to Plaintiff and thereupon took out his gun and shot Plaintiff in the back "eleven times" which resulted in Plaintiff's death.

9. At no time during events described herein did Plaintiff AUGUSTUS JOSHUA CRAWFORD threaten Defendant WARREN MARTIN, or anyone else with fatal force or display of a threat of fatal force. At all times during the events described herein, the Plaintiff was attempting to flee from Defendant WARREN MARTIN.

10. At all times relevant hereto, the Plaintiff AUGUSTUS JOSHUA CRAWFORD never took a position or actions of attacking or threatening the Defendant, or other pursuing law enforcement officers, members of the general public or Defendant WARREN MARTIN.

11. The brutal shooting of Plaintiff AUGUSTUS JOSHUA CRAWFORD by carrying out the shooting of Plaintiff in such a grossly negligent fashion that it demonstrated a lack of regard for Decedent's right to be free from unnecessary and unlawful bodily harm or threat of bodily harm thereof and without due care and indifference which a prudent and reasonable police officer would have displayed.

//

//

3.

12. The brutal shooing by Defendant was carried out willfully, maliciously, and with such reckless disregard of the consequences as to reveal a conscious indifference to the clear risk of death to the Plaintiff.

13. As the direct and proximate result of the wrongful acts or omissions by Defendant, the Plaintiff, AUGUSTUS JOSHUA CRAWFORD, was injured and died of such injuries caused damages.

## COUNT 1
## GROSS NEGLIGENCE, INTENTIONAL, WILLFUL AND WANTON MISCONDUCT AND ASSAULT AND BATTERY

13. Plaintiff repeats and realleges paragraphs 1 through 12 of this Complaint As though fully set forth herein.

14. Defendant owed Plaintiff AUGUSTUS JOSHUA CRAWFORD a duty to act prudently and with reasonable care, to avoid the use of unnecessary and un-reasonable force, to reasonable secure proper medical treatment, and not to act in a grossly negligent manner.

15. The Defendant breached the above duties and was negligent and grossly negligent, acted intentionally and/or grossly negligently, and acts so recklessly as to demonstrate a substantial lack of concern as to whether injury or death would result; and/or acted with willful and wanton misconduct towards Plainitff AUGUSTUS JOSUUS CRAWFORD, breaching his duty, in a number of ways, Including, but not limited to:

4.

a.  Failure to communicate with Plaintiff AUGUSTUS JOSHUS CRAWFORD prior to using deadly force against him.

b.  Failure to obtain prompt and immediate emergency medical attention;

c.  Failure to  follow police standards before applying deadly force;

d.  Failure to know and understand Plaintiff's state of mind before shooting him.

e.  Failure to immediately render medical treatment at the scene.

f.   Any and all additional acts of gross negligence and/or willful and wanton Misconduct which may become known  through the course of discovery.

16. The Defendants committed assault and a battery on AUGUSTUS JOSHUA CRAWFORD by shooting him and  fatally injuring him.

17. As the result and proximate cause of the Defendant's conduct the Plaintiff AUGUSTUS JOSHUA CRAWFORD suffered serious injuries Including, eleven gun-shots in the back and internal injuries resulting in his death,

resulting in pain, suffering, disfigurement and other noneconomic damages as well as medical expenses, burial costs, bills, and earning capacity, and  other economic damages.

//

//

//

5.

COUNT II

VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. SECTION 1983

18. Plaintiff hereby incorporates by reference paragraphs 17, as if set out fully herein.

19. The above-described shooting was without legal justification.

20. Pursuant to 42 U.S.C. section 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, the Defendant officer owed the Plaintiff A duty to act prudently and with reasonable care and to otherwise avoid the use of unnecessary , unreasonable, excessive and/or deadly force.

21. The Defendant, unjustifiably shot Plaintiff AUGUSTUS JOSHUA CRAWFORD to death in violation of Plaintiff's rights to be free from deliberate Indifference, free from punishment, deprivation of life and liberty without due process of law as all said rights under the Fourth and Fourteenth Amendments to the United States Constitution.

22. After employing unnecessary, unreasonable , excessive and deadly force Resulting in a violation of Plaintiff's Decedent's rights under 42 U.S.C.. Section 1983, the Defendant along with other employees or agents of the City of Bakersfield, California failed to timely render and/or timely seek and/or Obtain medical care or assistance for Plaintiff, or secure transportation to a serious medical need.

//

6.

23. Defendant have conspired to deprive AUGUSTUS JOSHUA CRAWFORD of Medical care and have fabricated and disseminated false accounts regarding the unjustified use of deadly force against Plaintiff.

24. As the result and proximate cause of the Defendant's conduct the Plaintiff AUGUSTUS JOSHUA CRAWFORD suffered serious wounds and injuries, as well as Damage in injury to his internal organs pain, disfigurement, noneconomic damages suffering medical expenses, burial expenses before his death.

WHEREFORE. Plaintiff respectfully requests that this Court grant jurisdiction and judgment in favor of Plaintiff against Defendants in the amount of:

1. Compensatory damages in the amount of $25,000.00
2. Damages under California Code of Civil Procedure Section 377.60
3. Burial expenses and other expenses recoverable under law.
4. $50,000.00 award for "Procedural Due Process Rights violations.
5. $100,000.00 for violation of Plaintiff "Substantive Due Process" violations.
6. Such further and other relief deemed proper and just Attorney Fees and Costs upon retaining counsel under 42 U.S.C. Section 1988.

/
//
//
//
//
//

Dated: February 28, 2018

Respectfully submitted,

James Raymond

James Raymond, "Successor in Interest"

7.