| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| JAMES RAYMOND, individually and as successor in interest to decedent Augustus Joshua Crawford,<br><br>    Plaintiff,<br><br>    v.<br><br>WARREN MARTIN,<br><br>    Defendant. | No. 1:18-cv-00307-DAD-JLT<br><br>ORDER DENYING MOTION TO JOIN HEIRS<br><br>(Doc. No. 17) |

Plaintiff is proceeding pro se in this matter, filed on March 5, 2018. (Doc. No. 1.) On August 7, 2018, defendant filed a motion to require plaintiff to join certain heirs of the decedent. (Doc. No. 17.) Plaintiff filed two oppositions on August 24, 2018 and August 27, 2018, which are substantively identical. (Doc. Nos. 22, 23.) Defendant replied on August 29, 2018. (Doc. No. 24.) A hearing on this matter was held on September 18, 2018. Attorney Heather Cohen appeared on behalf of defendant Martin. Plaintiff, James Raymond, did not appear at the hearing.[1] For the reasons that follow, defendant's motion is denied without prejudice.

/////

/////

---

[1] Mr. Raymond had indicated to the court in his written opposition to the motion that his medical condition would prevent him from appearing at the hearing. (Doc. Nos. 22 and 23.)

1

# BACKGROUND

Plaintiff alleges the following in his complaint. Plaintiff is the father of decedent Augustus Joshua Crawford. (Doc. No. 1 at 1.) On November 6, 2017, defendant was trying to take decedent into custody for a traffic violation. (*Id.* at ¶ 7.) Law enforcement officers began to pursue decedent. (*Id.* at ¶ 8.) Defendant Martin was enraged because he could not catch decedent, drew his gun and shot plaintiff in the back eleven times. (*Id.*) Decedent did not threaten or act with force before he was shot. (*Id.* at ¶¶ 9–10.)

Plaintiff alleged both state and federal claims, but following screening by the assigned magistrate judge, this case is now proceeding on three claims brought under 42 U.S.C. § 1983, alleging excessive use of force, failure to provide medical care, and loss of familial association. (Doc. No. 15 at 2.)

# LEGAL STANDARD

Rule 19(a) provides that a person must be joined as a party to an action if

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19. The parties to be joined under Rule 19 are frequently referred to as "necessary" or "required" parties, though the Ninth Circuit has noted that Rule 19 in fact calls for the joinder of persons it is "desirable" to include in the litigation "in the interests of just adjudication." *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005). Determinations of whether a party is necessary or required under Rule 19 are "necessarily fact- and circumstance-specific." *Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir. 2013); *Bakia v. Los Angeles County*, 687 F.2d 299, 301 (9th Cir. 1982).

/////

**ANALYSIS**

Defendant maintains that all heirs must be joined to this suit because California law permits only one wrongful death action to be pursued. (Doc. No. 17-1 at 5–7.) According to defendant, a notice of a claim was recently filed with the City of Bakersfield concerning decedent's death by Tyshika Williams on behalf of decedent's minor child, A.C. (*See* Doc. No. 17-2.) Although somewhat unclear, plaintiff's written opposition to this motion seems to be based on the assertion that decedent and A.C. did not reside in the same household for at least six months and decedent did not contribute at least half of A.C.'s support. (Doc. Nos. 22, 23.)

Wrongful death claims in California are "'a pure creature of statute' and 'exist[ ] only so far and in favor of such person as the legislative power may declare.'" *Rosales v. Battle*, 113 Cal. App. 4th 1178, 1182 (2003) (quoting *Justus v. Atchison*, 19 Cal. 3d 564, 575 (1977)). The purpose of the wrongful death statute "is to compensate for the loss of companionship and for other losses to specified persons"—namely, the decedent's heirs—"as a result of the decedent's death." *Jackson v. Fitzgibbons*, 127 Cal. App. 4th 329, 335 (2005). A wrongful death claim may be brought by the "surviving spouse, domestic partner, children, and issue of deceased children" of the decedent. Cal. Civ. Proc. Code § 377.60(a). If there is no surviving issue of the decedent, a wrongful death claim may be brought by the persons "who would be entitled to the property of the decedent by intestate succession." *Id.* Potential surviving heirs are frequently designated as necessary parties to wrongful death suits by federal courts applying California law. *See Pavoni v. Chrysler Grp. LLC*, No. CV 11-10513 RGK (SPx), 2012 WL 12883905, at *2 (C.D. Cal. Nov. 15, 2012) (holding that two children of decedent who had elected not to participate in a wrongful death lawsuit must still be joined as nominal defendants or "involuntary plaintiffs"); *Simplis v. Culver City Police Dep't*, No. CV10-9497 JHN (MANx), 2011 WL 13133819, at *2 (C.D. Cal. Apr. 20, 2011) (noting that other purported children of decedent besides plaintiffs were necessary parties under California wrongful death claim); *Estate of Burkhart v. United States*, No. C 07–5467 PJH, 2008 WL 4067429, at *7 (N.D. Cal. Aug. 26, 2008) ("An heir who files a wrongful death action is required to properly join all known heirs in the action.").

/////

As conceded by defense counsel at the hearing on the pending motion, plaintiff is not proceeding on a state law wrongful death claim, but rather on three separate causes of action under § 1983. (*See* Doc. No. 15 at 2.) Defendant has located no authority—and this court has found none—establishing that all potential heirs must be joined to a § 1983 suit alleging excessive force and failure to provide medical care.[2] While plaintiff must have standing under California's survival statute in order to pursue Fourth Amendment claims on decedent's behalf, *see Hayes v. County of San Diego*, 736 F.3d 1223, 1228–29 (9th Cir. 2013); *Moreland v. Las Vegas Met. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998), plaintiff has filed the requisite affidavit required by California law, *see* Cal. Civ. Proc. Code § 377.32. (*See* Doc. No. 4.) This is generally sufficient to establish plaintiff's standing to pursue § 1983 claims on a decedent's behalf. *See Abrego v. City of Los Angeles*, Nos. CV 15–00039–BRO (JEMx), CV 15–01472–BRO (JEMx), 2016 WL 9450679, at *7 (C.D. Cal. Sept. 23, 2016); *R.A. ex rel. Penrose v. Morris*, No. 5:14–cv–0077–ODW(PJWx), 2015 WL 1191266, at *5 (C.D. Cal. Mar. 16, 2015); *cf. Garcia v. Adams*, No. F 04-5999 AWI SMS, 2006 WL 403838, at *12 (E.D. Cal. Feb. 17, 2006) (holding that failure to file necessary declaration under § 377.32 showed a lack of standing for plaintiff to proceed as successor in interest).

Alternatively, defendant requests the court order permissive joinder under Rule 20 of the Federal Rules of Civil Procedure, if it finds compulsory joinder is not warranted. (Doc. No. 17-1 at 7–8.) It is not clear on what grounds plaintiff opposes this request. Rule 20 states that additional persons may join an action as a plaintiff if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs

---

[2] The remaining claim for loss of familial association is brought directly by plaintiff, not on behalf of the decedent's estate. *See Palmer v. Vasquez*, No. 1:13–CV–1400 AWI JLT, 2015 WL 5021666, at *7 (E.D. Cal. Aug. 17, 2015) ("The ability to vindicate one's own federal constitutional right to familial association is dependent upon the requirements of § 1983[;] it is not dependent on state law," and therefore not subject to state survival statutes); *cf. Burns v. City of Concord*, No. C 14–00535 LB, 2014 WL 5794629, at *8 (N.D. Cal. Nov. 6, 2014) (noting the estate of the decedent had no standing to bring a Fourteenth Amendment claim for deprivation of familial association).

will arise in the action." Fed. R. Civ. P. 20(a)(1). The Supreme Court has noted that the Federal Rules of Civil Procedure generally militate "toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). However, even once the requirements of Rule 20(a) are met, "a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980)). "'Courts may also consider factors such as the motives of the party seeking joinder and whether joinder would confuse and complicate the issues for the parties involved.'" *Third Degree Films, Inc. v. Does 1-131*, 280 F.R.D. 493, 496 (D. Ariz. 2012) (quoting *SBO Pictures, Inc. v. Does 1-3036*, No. 11–4220 SC, 2011 WL 6002620, at *3 (N.D. Cal. Nov. 30, 2011)).

Here, permissive joinder is not warranted at the present time. Decedent's minor child submitted a claim form related to the events in question here to the City of Bakersfield on May 2, 2018. (*See* Doc. No. 17-2.) However, no lawsuit has yet been filed on behalf of decedent's minor child. There is therefore no way to know what claims will be alleged, or even if a suit will ultimately be filed. If the minor child ultimately files suit alleging solely state law wrongful death claims, this court may lack jurisdiction over that action. *See* 28 U.S.C. § 1332 (limiting federal courts' jurisdiction over state law claims to matters between diverse citizens). Additionally, the City of Bakersfield may yet simply pay the claim, making the filing of another lawsuit unnecessary and the requested joinder improper. There is no basis upon which to now order joinder, though this decision does not preclude defendant's filing a motion for joinder once there is an action to be properly joined.

**CONCLUSION**

For the reasons given above, defendant's motion for an order requiring plaintiff to join other heirs of the decedent (Doc. No. 17) is denied without prejudice. Defendant may file another

/////

/////

5

motion requesting permissive joinder, if appropriate, should Ms. Williams ultimately file a lawsuit on behalf of decedent's minor child.

IT IS SO ORDERED.

Dated: __**September 19, 2018**__              _/s/ Dale A. Drozd_
                                                                          UNITED STATES DISTRICT JUDGE