# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RAYMOND,<br><br>        Plaintiffs,<br><br>    v.<br><br>WARREN MARTIN,<br><br>        Defendant. | Case No.: 1:18-cv-00307 - DAD - JLT<br><br>ORDER TO THE PLAINTIFF TO FILE A SECOND STATUS REPORT<br><br>ORDER GRANTING IN PART REQUEST TO APPEAR BY TELEPHONE (Doc. 37)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE (Doc. 38) |

Recently, the Court learned that Mr. Raymond is suffering from ailments which has seemed to interfere with his ability to prosecute this case. As a consequence, the Court ordered him to provide a status report. (Doc. 35) In particular, the Court was interested in learning,

> his intentions related to this case, including: 1.) whether he intends to prosecute this action; and, 2) whether he is physically capable of proceeding in this action." If he is not physically capable of proceeding at this time, he **SHALL** provide a confidential report from his doctor explaining his medical condition, how it limits Mr. Raymond from participating in this action and the doctor's opinion as to when Mr. Raymond will be capable of proceeding in this action.

(Doc. 35) Mr. Raymond promptly responded with a report that detailed his various ailments. (Doc.36) Most notably, he reported that he was hospitalized twice in October due to "health complications related to his breathing." (Doc. 36 at 1) He indicates also he has "1. Severe High Blood Pressure 2.

1  Impairment and Limitations due to previous surgery which requires that I ambulate with the aid of a

2  walker for only short distances, i.e., 20-25 feet. 3. High cholesterol. 4. Severe Bronchitis (requiring

3  attachment to breathing machine constantly." (Doc. 37 at 1) He has not provided any statement from

4  his doctor indicating how his conditions limit his participation in this case or when he will be able to

5  participate in this case.  He indicates that the case is "under review and evaluation by a local attorney

6  for consideration or representation." (Doc. 36 at 1; Doc. 38 at 2)

7         Due to his medical conditions, Mr. Raymond requests the Court allow him to appear via

8  CourtCall at the Court's expense. (Doc. 37) Though the Court has no problem with Mr. Raymond

9  appearing by CourtCall, it cannot pay the fee for him.  The Court has previously indicated that he may

10  appear at hearings before the undersigned by using the Court's free teleconference service (Doc. 34 at

11  3).  Whether he chooses to appear via CourtCall or through the Court's free teleconference service, the

12  only requirement is that he file a notice with the Court five court days before the hearing of his intent to

13  appear by telephone (Doc. 34 at 3).

14         Finally, Mr. Raymond requests appointment of counsel. (Doc. 38) Unfortunately, he does not

15  have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525

16  (9th Cir. 1997), and the court cannot require an attorney to represent him.  Mallard v. United States

17  District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  In certain exceptional

18  circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).

19  Rand, 113 F.3d at 1525.  Without a reasonable method of securing and compensating counsel, the court

20  will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether

21  "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the

22  merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the

23  legal issues involved."  Id. (internal quotation marks and citations omitted).

24         In the present case, the court does not find the required exceptional circumstances.  Even if the

25  Court assumes that Mr. Raymond is not well versed in the law and that he has made serious allegations,

26  the Court lacks sufficient information to determine, at least as of now, that he is likely to succeed on

27  the merits.  Moreover, the Court knows of no attorney willing to accept appointment in this case.  Thus,

28  the Court **ORDERS**:

1.    **Within 21 days**, the plaintiff **SHALL** file a second status report detailing the information omitted from the first status report, namely:

   a.    Whether he intends to prosecute this action;

   b.    Whether he is physically capable of proceeding in this action. If he is not physically capable of proceeding, he **SHALL** provide a confidential report from his doctor explaining his medical conditions, how they limit him from participating in this action and the doctor's opinion as to when Mr. Raymond will be capable of proceeding in this action;

2.    The plaintiff's request to appear via CourtCall (Doc. 37) is **GRANTED in PART**. He may appear via CourtCall, but he must do so at his own expense;

3.    The plaintiff's request for appointment of a lawyer (Doc. 38) is **DENIED** without prejudice.


IT IS SO ORDERED.

   Dated:    **November 9, 2018**                    **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE