# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RAYMOND,<br><br>    Plaintiff,<br><br>    v.<br><br>WARREN MARTIN,<br><br>    Defendant. | Case No.: 1:18-cv-00307 JLT<br><br>ORDER CONSOLIDATING THESE ACTIONS, REASSIGNING THE CONSOLIDATED MATTER AND SETTING THE MANDATORY SCHEDULING CONFERENCE IN THE CONSOLIDATED ACTION |
| INGRID CRAWFORD SMITH, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF BAKERSFIELD, et al.,<br><br>    Defendants. | Case No.: 1:18-cv-1526 - DAD - JLT |

In these actions, the plaintiffs bring similar claims and they present similar questions of fact and law. The Court ordered the parties to show cause why the actions should not be consolidated and the parties except Mr. Raymond have responded. The plaintiffs in the Crawford-Smith matter and the defendants do not oppose consolidation.

Federal Rule of Civil Procedure 42(a) allows the Court to consolidate actions involving a common question of law or fact, and consolidation is proper when it serves the purposes of judicial economy and convenience. The Ninth Circuit explained that the Court "has broad discretion under this

1

rule to consolidate cases pending in the same district." <u>Investors Research Co. v. United States District Court for the Central District of California</u>, 877 F.2d 777 (9th Cir. 1989). In determining whether to consolidate actions, the Court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. <u>Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc.</u>, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

Due to the similarity of the actions, consolidation serves the purposes of minimizing judicial resources, and the Court anticipates little risk of delay, confusion, or prejudice if the matters are consolidated. Consequently, consolidation is appropriate. See <u>Pierce v. County of Orange</u>, 526 F.3d 1190, 1203 (9th Cir. 2008). Thus, the Court **ORDERS**:

1. The orders to show cause are **DISCHARGED**;

2. These actions **SHALL** be consolidated for all purposes, including trial; and

3. As the earlier filed case, the parties are instructed that all future filings **SHALL** use the caption set forth above in the <u>Raymond</u>. Despite that the parties in <u>Raymond</u> have consented to Magistrate Judge jurisdiction, because the plaintiffs in the Crawford-Smith matter have not, the consolidated matter is **REASSIGNED** to District Judge Dale A. Drozd and all future case filings **SHALL** use case number 1:18-cv-00307 DAD JLT;

4. The case schedule issued in <u>Raymond</u> is **VACATED**, and the consolidated matter will be rescheduled at a scheduling conference **on May 6, 2019 at 9:00 a.m**. The parties need not respond to any outstanding written discovery, unless they agree otherwise.

IT IS SO ORDERED.

Dated: __**March 13, 2019**__              __/s/ Jennifer L. Thurston__
                                                                              UNITED STATES MAGISTRATE JUDGE