UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J.C.,<br><br>   Plaintiff,<br><br> v.<br><br>CITY OF BAKERSFIELD,<br><br>   Defendant, | Case No.: 1:19-cv-01302 DAD JLT<br><br>ORDER TO THE PARTIES TO SHOW CAUSE WHY THE ACTIONS SHOULD NOT BE CONSOLIDATED |
| JAMES RAYMOND,<br><br>   Plaintiff,<br><br> v.<br><br>WARREN MARTIN,<br><br>   Defendant. | Case No.: 1:18-cv-00307 JLT |

  In these actions, the plaintiffs bring similar claims and they present similar questions of fact and law. In the *Raymond* matter, Mr. James Raymond, the father of the decedent Augustus Crawford, claims Crawford was unlawfully killed by a Bakersfield Police Officer. (Case No. 1:18-cv-00307, Doc. 1)

  Ingrid Crawford Smith, Crawford's mother, and A.C., by and through guardian ad litem Tyshika Williams, initiated another action by filing a complaint in November 2018. These plaintiffs

are represented by the same attorney, Mr. George Mgdesyan, as in instant matter.[1] In that action, the plaintiffs named the chief of police and the City of Bakersfield in addition to Warren Martin, who was named in Raymond's lawsuit. The Court consolidated these actions on March 14, 2019.

In this latest action, the plaintiff names the City of Bakersfield and the Bakersfield Police Department[2] and makes the same, basic claims as in the other two cases. Therefore, the Court **ORDERS**:

1. **No later than October 4, 2019**, the parties in the consolidated case and in this current action **SHALL** show cause in writing why the actions should not be consolidated.

IT IS SO ORDERED.

Dated: **September 23, 2019**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that Mr. Mgdesyan failed to file a notice of related cases. L.R. 123(b)

[2] The Court observes that the plaintiff has made no showing that the Bakersfield Police Department is a separate legal entity from the City of Bakersfield. Courts have repeatedly held that a department of a municipality is not amenable to suit. *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005); *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995) ("Although municipalities, such as cities and counties, are amenable to suit ... sub-departments or bureaus of municipalities, such as the police departments, are not generally considered 'persons' within the meaning of § 1983"); see also *Gonzales v. City of Clovis,* 2013 WL 394522 (E.D. Cal. Jan. 30, 2013) (holding that the Clovis Police Department is not a "person" for purposes of Section 1983);*Wade v. Fresno Police Dep't*, 2010 WL 2353525 at *4 (E.D. Cal. June 9, 2010). The Court expects the plaintiff has legal authority for the proposition that the plaintiff may persist in the lawsuit against the Bakersfield Police Department or the plaintiff will immediately seek to dismiss this "party" or risk being found to be in violation of Fed.R.Civ.P. 11(b).

2