UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RAYMOND, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF BAKERSFIELD, et al.,<br><br>    Defendants. | Case No.: 1:18-cv-0307 DAD JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL OR, IN THE ALTERNATIVE, APPOINTMENT OF A GUARDIAN AD LITEM<br><br>(Doc. 59) |

Plaintiffs assert the defendants are liable for the wrongful death of Augustus Joshua Crawford. James Raymond, father of the deceased, seeks the appointment of counsel. (Doc. 59) In the alternative, Raymond requests that a guardian ad litem be appointed to assist him with this action. (*Id.* at 1-2) For the reasons set forth below, Raymond's motion is **DENIED** without prejudice.

I. **Appointment of Counsel**

As the Court previous informed Mr. Raymond, there is no constitutional right to counsel in most civil cases. 28 U.S.C. § 1915(e)(1). Though the Court can request an attorney represent indigent persons, it cannot *require* representation of a plaintiff pursuant to 28 U.S.C. § 1915. *Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). Nevertheless, in "exceptional circumstances," the Court has discretion to request the voluntary assistance of counsel. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). To determine whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and]

the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted). H

Mr. Raymond asserts that he has a history of COPD, hypertension, coronary disease, and hyperlipidemia. (Doc. 59 at 2) He reports that he has twice been hospitalized for periods exceeding 15 days, after which he "was committed to a rehabilitation hospital for a duration of approximately 3-weeks and discharged." (*Id.*) Raymond reports that following his release from the rehabilitation facility, his treating physician "diagnosed [him] with dementia." (*Id.*) In support of this assertion, Raymond directs the Court's attention to a "recent medical report attached to the state court records wherein the court appointed a Guardian Ad Litem to assist [him] in response to [his] motion … due to [his] mental state." (*Id.*)

The medical report is a "Health and Physical Examination" "Final Report" dated January 26, 2019. (Doc. 59 at 4) Dr. Bahkht Cheema performed the examination, noting that Raymond reported a "recent pneumonia diagnosis" and "state[d] he [had] increased weakness for 2-3 days." (*Id.*) In the neurological portion of the examination, Dr. Cheema found Plaintiff was "[a]lert and oriented to person, place, time, and situation." (*Id.* at 6) In addition, Dr. Cheema indicated "[n]o focal neurological deficit [was] observed." (*Id.*) There is no mention of dementia in the report. Likewise, there are no objective findings regarding Raymond's mental limitations, such that the Court may determine the extent to which the diagnoses has affected his mental abilities. There simply is no evidence related to the reported diagnosis or Plaintiff's mental state. Thus, the report submitted by Raymond does not support his request for appointment of counsel.

So far, Mr. Raymond has demonstrated that he is able to intelligibly state his concerns and position, and he previously exhibited an ability to respond to the Court's orders and meet deadlines set by the Court. In addition, the legal issues presented in this action are not complex. Finally, at this state of the proceeding, the Court remains unable to determine regarding the merits of the claims Mr. Raymond seeks to prosecute. Thus, the Court does not find the required exceptional circumstances exist for the appointment of counsel at this time.

///
///

## II. Appointment of a Guardian Ad Litem

Under Rule 17 of the Federal Rules of Civil Procedure Rule 17, the Court must appoint a guardian ad litem or issue another appropriate order, "to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2); *see also* Local Rule 202(a). "The purpose of Rule 17(c) is to protect an incompetent person's interests in prosecuting or defending a lawsuit." *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014). Thus, the Court has "a 'legal obligation' to consider whether an incompetent person is adequately protected." *See Jurgens v. Dubendorf*, 2015 WL 6163464, at *3 (E.D. Cal. Oct. 19, 2015) (citing *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 (9th Cir. 1986)); *see also Davis v. Walker*, 745 F.3d 1303, 1310 n.6 (9th Cir. 2014). However, the obligation of the Court to appoint a guardian ad litem pursuant to Rule 17(c) does not arise until after a determination of incompetence has been made by the Court in which the issue was raised. *See, e.g., Forte v. County of Merced*, 2013 WL 3282957, at *3 (E.D. Cal. June 27, 2013) (citing *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003)) (emphasis omitted).

### A. Competency

The Court applies state law for the person being evaluated to determine competency. *See* Fed. R. Civ. P. 17(b)(1). Under California law, a party is incompetent "if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *Golden Gate Way, LLC v. Stewart*, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citing *In re Jessica G.*, 93 Cal. App. 4th 1180, 1186 (2001)); *see also* Cal. Civ. Proc. Code § 372 ("When . . . a person who lacks legal capacity to make decisions . . . is a party, that person shall appear either by a guardian or conservator of the estate or by a guardian ad litem"). "In most cases, a guardian will not be appointed for an adult unless the person gives consent or upon notice and a hearing." *Jurgens*, 2015 WL 6163464, at *3.

### B. Appointment for a pro se litigant

Significantly, if the Court finds a person is incompetent and appoints a guardian ad litem, the appointment "deprives the litigant of the right to control the litigation." *AT&T Mobility, LLC v. Yeager*, 143 F.Supp.3d 1042, 1051 (E.D. Cal. 2015) (quoting *Thomas v. Humfield*, 916 F.2d 1032, 1034 (5th Cir. 1990)) However, "if a guardian ad litem is not a lawyer, he or she must be represented in turn by

counsel" because "a non-lawyer 'has no authority to appear as an attorney for others than himself.'" *Id.* (citing *Johns v. County of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)).

### C. Analysis

Under Rule 17(c), the Court must hold a competency hearing "when substantial evidence of incompetence is presented." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005); *see also Ferrelli*, 323 F.3d at 203 (explaining that "due process considerations attend an incompetency finding and the subsequent appointment of a guardian ad litem"); *Thomas v. Humfield*, 916 F.2d 1032, 1034 (5th Cir. 1990) (observing the appointment of a guardian ad litem implicates due process concerns because it deprives a litigant of the right to control litigation). The Ninth Circuit has not specified what constitutes "substantial evidence" of incompetence warranting such a hearing. *See Hoang Minh Tran v. Gore*, 2013 WL 1625418, at *3 (S.D. Cal. April 15, 2013); *see also Shack v. Knipp*, 2012 WL 4111652, at *5 (S.D. Cal. Sept. 17, 2012). However, the Ninth Circuit indicated sworn declarations from the allegedly incompetent litigant, sworn declarations or letters from treating psychiatrists or psychologists, and medical records may be considered by the Court. *See Allen*, 408 F.3d at 1152-54; *see also Hoang Minh Tran*, 2013 WL 1625418, at *3. Such evidence must address whether the person in question is able to meaningfully take part in the proceedings. *See Jurgens*, 2015 WL 6163464, at *3.

In support of his request for the appointment of a guardian ad litem, Raymond presents evidence that two months ago, the state court appointed a guardian ad litem at his request based upon a medical examination report from January 2019. (Doc. 59 at 4-10) However, as discussed above, the medical evidence does not identify any mental limitations, and Plaintiff's physician indicated that "[n]o focal neurological deficit [was] observed." (*Id.*) The Court cannot find the appointment by the state court or the submitted medical evidence speaks to Raymond's ability to take part in these proceedings and prosecute his claims. Without such evidence, a competency hearing is not warranted. *See McElroy v. Cox*, 2009 WL 4895360, at *3 (E.D. Cal. Dec. 11, 2009) (concluding an individual failed to submit substantial evidence of incompetence despite providing recent medical records supporting a diagnosis of mental disability, because he did not submit evidence demonstrating a "nexus between his mental disorder and his ability to articulate his claims"). Moreover, there is no evidence before the Court

4

supporting a conclusion that Steven Whitfield—who was appointed as the guardian ad litem for Mr. Raymond in the state court action—is an appropriate guardian ad litem for this action, particularly because he would have no authority to prosecute the claims on behalf of Raymond. *See AT&T Mobility*, 143 F.Supp.3d at 1051.

### III.   Conclusion and Order

Raymond has failed to demonstrate that exceptional circumstances exist that warrant the appointment of counsel. In addition, given the lack of evidence related to Plaintiff's reported diagnoses and its impact upon his mental abilities and prosecution of this case, the Court declines to hold a competency hearing in this action. Accordingly, the Court **ORDERS**:

1. Plaintiff's motion for appointment of counsel is **DENIED** without prejudice; and
2. Plaintiff's motion for the appointment of a guardian ad litem due to incompetency is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:   **November 18, 2019**          **/s/ Jennifer L. Thurston**
                                                               UNITED STATES MAGISTRATE JUDGE