UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J.C., <br>     Plaintiff, <br> v. <br> CITY OF BAKERSFIELD, <br>     Defendant, | Case No.: 1:19-cv-01302 DAD JLT <br><br> ORDER CONSOLIDATING THE ACTIONS |
| JAMES RAYMOND, <br>     Plaintiff, <br> v. <br> WARREN MARTIN, <br>     Defendant. | Case No.: 1:18-cv-00307 JLT |

The Court may consolidate actions involving a common question of law or fact, and consolidation is proper when it serves the purposes of judicial economy and convenience. Fed.R.Civ.P. 42(a). The Ninth Circuit explained that the Court "has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. United States District Court for the Central District of California*, 877 F.2d 777 (9th Cir. 1989). In determining whether to consolidate actions, the Court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. *Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc.*, 720 F.

1

Supp. 805, 807 (N.D. Cal. 1989).

In these actions, the plaintiffs bring similar claims and they present similar questions of fact and law. In the *Raymond* matter, James Raymond, the father of the decedent Augustus Crawford, claims Crawford was unlawfully killed by a Bakersfield Police Officer. (Case No. 1:18-cv-00307, Doc. 1)

Ingrid Crawford Smith, Crawford's mother, and A.C., by and through guardian ad litem Tyshika Williams, initiated another action by filing a complaint in November 2018. These plaintiffs are represented by the same attorney, Mr. George Mgdesyan, as in instant matter. In that action, the plaintiffs named the chief of police and the City of Bakersfield in addition to Warren Martin, who was named in Raymond's lawsuit. The Court consolidated *Raymond* and *Smith* on March 14, 2019.

In this latest action, the plaintiff names the City of Bakersfield and the Bakersfield Police Department—an entity of the City— and raises the claims as in the other two cases. Consolidation would serve the purposes of minimizing judicial resources, and the Court anticipates little risk of delay, confusion, or prejudice if the matters are consolidated. Consequently, consolidation is appropriate. *See Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008). Based upon the foregoing, the Court **ORDERS**:

1. These actions **SHALL** be consolidated for all purposes, including trial; and
2. The parties are instructed that all future filings SHALL use the caption set forth above in the *Raymond* matter and **SHALL** use case number 1:18-cv-00307 JLT.

IT IS SO ORDERED.

Dated: __January 21, 2020__            __/s/ Jennifer L. Thurston__
                                        UNITED STATES MAGISTRATE JUDGE