1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES RAYMOND,                               Lead No.  1:18-cv-00307-DAD-JLT

12              Plaintiff,

13        v.                                      ORDER GRANTING IN PART MOTION TO
                                                  FOR PARTIAL DISMISSAL OF *CRAWFORD*
14   WARREN MARTIN,                               *SMITH* PLAINTIFFS' COMPLAINT AND
                                                  GRANTING MOTION FOR PARTIAL
15              Defendant.                        DISMISSAL OF *A.J.C.* PLAINTIFF'S
                                                  COMPLAINT
16   _____
                                                  No.: 1:18-cv-1526-DAD-JLT (Doc. No. 16)
17   INGRID CRAWFORD SMITH, et al.,
                                                  No.: 1:19-cv-01302-DAD-JLT (Doc. No. 9)
18              Plaintiffs,

19        v.

20   CITY OF BAKERSFIELD, et al.,

21              Defendants.

22   _____

23   A.J.C.,

24              Plaintiff,

25        v.

26   CITY OF BAKERSFIELD, et al.,

27              Defendants.

28   _____

                                               1

1    The three above-listed actions were filed by purported heirs of decedent Augustus Joshua

2  Crawford for claims related to his alleged wrongful death and have been consolidated for all

3  purposes, including trial.  Order Consolidating Cases (Doc. No. 26), *Crawford Smith v. City of*

4  *Bakersfield*, No. 1:18-cv-01526-DAD-JLT (E.D. Cal. Mar. 14, 2019); Order Consolidating Cases

5  (Doc. No. 20), *A.J.C. v. City of Bakersfield*, No. 1:19-cv-01302-DAD-JLT (E.D. Cal. Jan. 22,

6  2020).

7    Pending before the court are two motions to dismiss brought by defendants City of

8  Bakersfield, Bakersfield Police Department, Chief Lyle Martin, and Warren Martin, filed on

9  March 5, 2019 in the *Crawford Smith* action and on November 26, 2019 in the *A.J.C.* action.[1]

10  (*Crawford Smith*, Doc. No. 16; *A.J.C.*, Doc. No. 9.)  On April 2, 2019, the *Crawford Smith*

11  plaintiffs filed an opposition to that motion.  (*Crawford Smith*, Doc. No. 27.)  Although

12  represented by the same counsel as the *Crawford Smith* plaintiffs, plaintiff A.J.C. initially failed

13  to respond to the motion. (*A.J.C.*, Doc. No. 17.)  A minute order issued by the court on January

14  16, 2020, granted plaintiff A.J.C. until February 5, 2020 to file opposition to defendants' motion

15  to dismiss.  (*A.J.C.*, Doc. No. 19.)  On February 6, 2020, plaintiff A.J.C. filed a statement of non-

16  opposition as to the sole contention of defendants' motion.  Statement of Non-Opposition (Doc.

17  No. 79), *Raymond et al. v. Martin et al.*, 1:18-cv-00307-DAD-JLT (E.D. Cal. Feb. 6, 2020).

18  Defendants did not file a reply.

19    Pursuant to General Order No. 617 addressing the public health emergency posed by the

20  coronavirus pandemic, the court takes this matter under submission to be decided on the papers,

21  without holding a hearing.

22                        **BACKGROUND**

23    *Crawford Smith* plaintiffs, Ingrid Crawford Smith and A.C., filed their complaint on

24  November 3, 2018 (*Crawford Smith*, Doc. No. 1), and plaintiff A.J.C. filed her complaint on

25  September 16, 2019 (*A.J.C.*, Doc. No. 1).  Both actions were filed by purported heirs, and

26

27  [1]  The court notes that defendants Chief Lyle Martin and Warren Martin are parties only to the
   motion filed in *Crawford Smith v. City of Bakersfield*, No. 1:18-cv-01526-DAD-JLT.

28

2

successors in interest, of decedent Augustus Joshua Crawford and assert similar claims related to his alleged wrongful death.  In the *Crawford Smith* action, plaintiff Ingrid Crawford Smith alleges that she is the parent of decedent Crawford and that plaintiff A.C. is a child of decedent (*Crawford Smith,* Doc. No. 1 at ¶ 4), and in the A.J.C. action, plaintiff A.J.C. alleges that she is also a child of decedent Crawford (*A.J.C.*, Doc. No. 1 at ¶ 4).

**A.     The *Crawford Smith* Action**

The following allegations of the complaint are taken as true for the purposes of resolving the pending motion.  On November 4, 2017, decedent Augustus Joshua Crawford was killed in an officer-involved shooting near the 1800 block of Planz Road in Bakersfield, California. (*Crawford Smith,* Doc. No. 1 at ¶ 14.)  On that day, Bakersfield Police Officers initiated a traffic stop of a vehicle in which decedent Crawford was a passenger.  (*Id*. at ¶ 15–16.)  The driver stopped the vehicle, and decedent Crawford exited and began running away from the officers. (*Id*.)  While decedent Crawford was running, the officers shot decedent in the back multiple times.  (*Id*. at ¶ 16.)  Decedent Crawford was fatally wounded, and his cause of death was ultimately determined to be as a result of multiple gunshot wounds.  (*Id*. at ¶ 17.)  Defendant Bakersfield Police Officer Warren Martin was later identified as one of the officers involved in the shooting.  (*Id*. at ¶ 16.)

Plaintiffs assert that decedent Crawford was not armed, "made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that he had the will or the ability to inflict substantial bodily harm against any individual," and further that he posed no threat to officers or the public. (*Id*. at ¶¶ 17–19.)  At the time, decedent Crawford was twenty years old, unmarried, and had children.  (*Id*. at 2.)

Based on the foregoing, the *Crawford Smith* plaintiffs bring four claims against defendants[2] City of Bakersfield, Bakersfield Police Department, Chief of Bakersfield Police Lyle Martin, Officer Warren Martin, and additional, as-yet-unidentified Doe officer defendants allegedly involved in the shooting for the following:  (1) wrongful death; (2) excessive force in

---

[2]  On November 13, 2019, the parties stipulated to the dismissal of County of Kern, which was previously a named defendant in the *Crawford Smith* action.  (Doc. No. 62.)

1  violation of 42 U.S.C. § 1983 wherein plaintiffs also allege a municipal liability claim brought

2  pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978); (3) violation of

3  California Civil Code § 43, 52.1 and California Constitution, Article 1, §13; and (4) assault and

4  battery, which was brought solely against defendant Officer Warren Martin and the Doe

5  defendants.

6  **B.  The *A.J.C.* Action**

7  　　　In her complaint plaintiff A.J.C. pleads nearly identical factual allegations as those

8  alleged in the *Crawford Smith* complaint.  (*Compare Crawford Smith,* Doc. No. 1 at ¶¶ 14–21

9  *with A.J.C.*, Doc. No. 1 at ¶¶13–20.)  Plaintiff A.J.C. asserts three claims against defendants City

10  of Bakersfield, Bakersfield Police Department, and additional, as-yet-unidentified Doe officer

11  defendants allegedly involved in the shooting for the following:  (1) wrongful death; (2) excessive

12  force in violation of 42 U.S.C. § 1983 wherein plaintiff also alleges a municipal liability *Monell*

13  claim; and (3) assault and battery, brought solely against the Doe officer defendants.

14  **C.  Defendants' Motions**

15  　　　Defendants' motion in *Crawford Smith* seeks dismissal on the grounds that:  (1) because

16  City of Bakersfield has been sued, the Bakersfield Police Department and Chief Lyle Martin

17  should be dismissed as redundant defendants; (2) Chief Martin and Warren Martin are improperly

18  sued in their official and individual capacities; (3) plaintiffs cannot premise their wrongful death

19  claim on allegedly negligent hiring, training, and/or supervision, to the extent they are attempting

20  to do so; (4) plaintiffs' Third Cause of Action fails because there is no private right of action

21  under Article 1, section 13 of the California Constitution; and (5) plaintiffs' Third Cause of

22  Action also fails because it is impermissible to allege a derivative claim under California Civil

23  Code § 52.1.

24  　　　Defendants' motion in *A.J.C.* seeks dismissal on the sole ground that to the extent the

25  plaintiff's wrongful death claim includes a theory related to negligent hiring, training, and

26  supervision, the claim fails because municipalities cannot be held directly liable as to such a

27  claim absent a special relationship.  (Doc. No. 9-1 at 2–5.)

28  　　　The court will address each of these claims in turn below.

4

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). It is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

## ANALYSIS

### A.    Motion to Dismiss in the *Crawford Smith* Action

1.    Whether defendants Bakersfield Police Department and Chief Lyle Martin should be dismissed as redundant

In their motion, defendants argue that this court should dismiss the Bakersfield Police Department and Chief Lyle Martin as redundant defendants because plaintiffs have named the

1    City of Bakersfield as a defendant.  (Doc. No. 16-1 at 3–4.)  Defendants contend that defendant

2    Chief Martin should be entirely dismissed from this action because "[he] had no direct

3    involvement in any incident involving Plaintiffs' Decedent and Plaintiffs have not alleged any

4    facts or circumstances from which the Court could find Chief Martin directly liable for any

5    damage sought by Plaintiffs."  (*Id*. at 4–5.)  Defendants additionally argue that defendant

6    Bakersfield Police Department must be dismissed because it is not considered a "person" within

7    the meaning of 42 U.S.C. § 1983.  (*Id*. at 4.)

8            In their response, plaintiffs seem to suggest both that dismissal for redundancy is optional

9    because the case law uses the word "may" and, separately, that defendants ignore case law

10   holding it is improper to dismiss a municipal officer who is also sued in his individual capacity.

11   (Doc. No. 27 at 5–7.)  Plaintiffs further argue that the complaint sufficiently alleges a claim

12   against defendant Chief Martin because they have alleged he directed and ratified the shooting

13   and killing of decedent Crawford, in violation of decedent's civil rights.  (*Id*. at 6.)  Plaintiffs do

14   not address whether defendant Bakersfield Police Department should be dismissed.

15          Lawsuits brought against a government official in an individual capacity "seek to impose

16   personal liability upon a government official for actions he takes under color of state law."

17   *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  However, a suit against a government official in

18   his official capacity is equivalent to a suit against the local government entity.  *Ctr. for Bio-*

19   *Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008).  The

20   Ninth Circuit has found that when both a government official and his local government entity are

21   named, "and the officer is named only in an official capacity, the court may dismiss the officer as

22   a redundant defendant."  (*Id*.); *see also Autotek Inc. v. Cnty. of Sacramento*, No. 2:16-cv-01093-

23   KJM-CKD, 2017 WL 3149923, at *3 (E.D. Cal. July 25, 2017); *Rivas v. Cal. Franchise Tax Bd*.,

24   619 F. Supp. 2d 994, 1004 (E.D. Cal. 2008).

25          In this action, plaintiffs bring claims against Chief Lyle Martin in both his individual and

26   official capacity (Doc. No. 16-1 at 5) as well as claims against the Bakersfield Police Department.

27   Plaintiffs here do not dispute that defendant Bakersfield Police Department should be dismissed

28   and have objected only to a full dismissal of Chief Martin as a defendant.  (Doc. No. 27 at 5–7.)

1   The court concludes that the claims against defendants Bakersfield Police Department and

2   Chief Lyle Martin, in his official capacity, are redundant and should be dismissed.  At the

3   pleading stage, the court is to construe the allegations of the complaint as true and in the light

4   most favorable to plaintiff.  *See Hishon*, 467 U.S. at 73.  Even so, here the court finds that

5   plaintiff has not adequately alleged a claim against defendant Chief Lyle Martin in his individual

6   capacity.  Plaintiffs' allegations related to defendant Chief Martin's conduct are merely

7   conclusory recitations of the elements of the claims[3] and fail to support any claim against him in

8   his individual capacity.  However, plaintiffs will be granted leave to amend only as to their claims

9   brought against defendant Chief Martin in his individual capacity, in order to attempt to cure the

10   deficiency noted above, should they desire to do so in good faith.

11      2.   <u>Whether defendants Chief Lyle Martin and Officer Warren Martin are improperly</u>
12           <u>sued in their official and individual capacities</u>

13   Defendants argue that plaintiffs have wrongfully sued defendants Chief Martin and

14   Officer Warren Martin in both their official and individual capacities.  (Doc. No. 16-1 at 5.)

15   Defendants assert that generally when a plaintiff seeks damages against an individual officer, the

16   suit is against the officer in his individual capacity, and it is only in the event an injunction is

17   sought that an officer should be sued in his official capacity.  (*Id.*)  Thus, they argue that any

18   _____

19   [3]  For example, while the complaint alleges defendant Chief Martin directed and ratified the shooting and killing of decedent Crawford, in violation of decedent's civil rights (Doc. No. 27 at

20   6), it fails to allege what he specifically did to direct or ratify defendant Warren Martin's actions. "[A] local government may be held liable under § 1983 when the individual who committed the

21   constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it."  *Lucas v. Cnty. of Fresno*,

22   No. 1:18-cv-01488-DAD-EPG, 2019 WL 7370418, at *8 (E.D. Cal. Dec. 31, 2019)(citing *Clouthier v. Cnty. of Santa Clara*, 591 F.3d 1232, 1250 (9th Cir. 2010), 591 F.3d 1232, 1250 (9th

23   Cir. 2010), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016)).  The required ratification can be shown by a superior officer's decision to exculpate

24   alleged misconduct based on the findings of a noticeably flawed investigation.  *Larez v. City of Los Angeles*, 946 F.2d 630, 647 (9th Cir. 1991).  However, a policymaker's "knowledge of an

25   unconstitutional act does not, by itself, constitute ratification."  *Weisbuch v. Cnty. of Los Angeles*, 119 F.3d 778, 781 (9th Cir. 1997).  Moreover, "a policymaker's mere refusal to overrule a

26   subordinate's completed act does not constitute approval."  *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999).  Rather, "[t]he policymaker must have knowledge of the constitutional violation

27   and must make a 'conscious, affirmative choice' to ratify the conduct at issue."  *Garcia v. City of Imperial*, No. 08CV2357 BTM(PCL), 2010 WL 3911457, at *1 (S.D. Cal. Oct. 4, 2010).

28

claims against either defendant Chief Lyle Martin or defendant Officer Warren Martin should be brought against them only in their individual capacities alone.  (*Id*. at 6.)

Plaintiffs argue that it is unclear from defendants' briefing whether they seek dismissal of defendants Chief Martin and Officer Warren Martin in their individual or official capacities but, in any event, that neither the claims against defendant Chief Lyle Martin nor defendant Officer Warren Martin in their individual capacities should be dismissed.  (Doc. No. 27 at 6, 6 nn.1–2.)

As outlined above, plaintiffs' claims against defendant Chief Lyle Martin will be dismissed with leave to amend only as to claims brought against him in his individual capacity. For the same reasons, the court concludes that plaintiffs' claims brought against defendant Warren Martin in his official capacity are duplicative of those brought against the City of Bakersfield.  While somewhat unclear, defendants do not appear to challenge the sufficiency of plaintiffs' claims brought against defendant Officer Warren Martin in his individual capacity.  In any case, the court finds plaintiffs have sufficiently alleged claims against defendant Officer Warren Martin in his individual capacity by alleging that he was responsible for the shooting and killing of decedent Crawford, in violation of decedent's civil rights.

In summary, the claims brought against defendant Officer Warren Martin in his official capacity are found by the court to be redundant of the claims brought against defendant City of Bakersfield and will be dismissed.  However, the claims brought against him in his individual capacity are sufficiently alleged and will not be dismissed.

3.   Whether plaintiffs may plead a wrongful death claim based on allegedly negligent hiring, training, and/or supervision

Defendants next ask this court to dismiss the portion of plaintiffs' wrongful death claims brought against the defendants City of Bakersfield, the Bakersfield Police Department, and Chief Lyle Martin based on alleged negligent hiring, training and/or supervision of officers, to the extent such a claim has been brought.  (Doc. No. 16-1 at 6.)  Defendants argue municipalities may not be held liable for alleged negligent training hiring, and/or supervision of police officers because there is neither a statutory basis under California law to hold an entity directly liable for negligence, nor may they be held so under a vicarious liability theory because there is no special

8

relationship with the plaintiffs creating a duty "to protect plaintiff from injuries at the hands of others . . .." (*Id.* at 7–8.)

Plaintiffs respond that they do not seek to hold the municipalities directly liable for negligent training, hiring, and/or supervision of officers because they agree there is no statutory basis upon which to do so.  (Doc. No. 27 at 7.)  Rather, plaintiffs clarify they do wish to hold defendants City of Bakersfield and Bakersfield Police Department vicariously liable under provisions of California law providing for *respondeat superior* liability of public entities and that pursuant to those provisions their claims are not subject to dismissal.

Because the court has already concluded that defendants Bakersfield Police Department and Chief Lyle Martin in his official capacity should be dismissed from this action, the court will analyze this issue only as to defendant City of Bakersfield.  Under California law and pursuant to the doctrine of *respondeat superior*, public entities, such as municipalities, may be held vicariously liable for torts committed by their employees that arise within the scope of employment, unless the employee is immune from liability.  Cal. Gov't Code § 815.2; *Robinson v. Solano Cnty.*, 278 F.3d 1007, 1016 (9th Cir. 2002) ("California . . . imposes liability on counties under the doctrine of *respondeat superior* for acts of county employees; it grants immunity to counties only where the public employee would also be immune.") (citing *Scott v. Cnty. of Los Angeles,* 27 Cal. App. 4th 125, 139–40 (1994)); *see also Mary M. v. City of Los Angeles*, 54 Cal. 3d 202, 208 (1991) ("Under the doctrine of *respondeat superior*, an employer may be held vicariously liable for torts committed by an employee within the scope of employment.")

Defendants have not argued they are entitled to immunity as to this claim, and California law is clear that officers are not entitled to immunity when they use unreasonable force in effecting an arrest, as plaintiffs have alleged here.  *See Robinson*, 278 F.3d at 1016 ("California denies immunity to police officers who use excessive force in arresting a suspect."); *Burns v. City of Redwood City*, 737 F. Supp. 2d 1047, 1067 (N.D. Cal. 2010) ("These [immunity] provisions plainly do *not* apply, however, to officers who use *unreasonable* force in effecting an arrest."); *Mary M.*, 54 Cal. 3d 202, 215 ("[A] governmental entity can be held vicariously liable when a

1   police officer acting in the course and scope of employment uses excessive force or engages in

2   assaultive conduct."); *Scruggs v. Haynes*, 252 Cal. App. 2d 256, 264 (1967) ("California cases

3   have consistently held that a peace officer making an arrest is liable to the person arrested for

4   using unreasonable force.").

5          At this stage of the litigation, the court must draw all reasonable inferences from the facts

6   alleged in favor of the plaintiffs.  Here, the facts as alleged in plaintiffs' complaint, if proven,

7   would not establish that defendants are entitled to immunity.  Accordingly, defendant City of

8   Bakersfield's motion to dismiss plaintiffs' wrongful death claim based on alleged negligent

9   hiring, training and/or supervision of officers, will be denied.

10          4.   Plaintiffs' Claim under Cal. Const., Article 1, Section 13

11          Defendants next argue that plaintiffs' claim brought under Article 1, Section 13 of the

12   California Constitution fails as a matter of law because there is no private right of action available

13   under that provision.  (Doc. No. 16-1 at 8.)  Plaintiffs concede that this section of the California

14   Constitution does not confer a private right of action for damages and they have withdrawn any

15   claim for violation of Section 13, requesting that the mention of Section 13 be stricken from their

16   third cause of action.  (Doc. No. 27 at 8.)  However, plaintiffs make clear that they continue to

17   pursue their claims brought under the Bane Act, Section 52.1 of the California Civil Code.  (*Id*.)

18          In light of plaintiffs' voluntary withdrawal of this claim, defendants' motion to dismiss it

19   will be denied as moot.[4]

20          5.   *Crawford Smith* Plaintiffs' Claim under Cal. Civ. Code § 52.1

21          Finally, defendants argue that to the extent plaintiffs allege a derivative claim under the

22   Bane Act this claim fails as a matter of law because only a survival claim is permissible.  (Doc.

23

24   [4]  The court notes that plaintiffs' third cause of action is premised an alleged violation of the Bane
     Act, stemming from an alleged violation of Article 1, Section 13 of the California Constitution.
25   Section 13 provides "[t]he right of the people to be secure in their persons, houses, papers, and
     effects against unreasonable seizures and searches may not be violated; and a warrant may not
26   issue except on probable cause, supported by oath or affirmation, particularly describing the place
     to be searched and the persons and things to be seized."  Cal. Const. art. I, § 13.  The Bane Act
27   requires plaintiffs to specify a constitutional violation in order to state a claim for liability under
     the act.  *Johnson v. Shasta Cnty*., 83 F. Supp. 3d 918, 935 (E.D. Cal. 2015) (citing cases.)
28

1   No. 16-1 at 8–9.)

2           Plaintiffs respond that their complaint specifically alleges that this claim is only brought

3   as a survival claim, and not as a derivative claim, citing the portion of their complaint alleging

4   "[this] cause of action is brought on behalf of decedent AUGUSTUS CRAWFORD by and

5   through his successors in interest, Plaintiffs . . .."  (Doc. No. 27 at 8–9) (citing *Crawford Smith*,

6   Doc. No. 1 at ¶ 53.)  Plaintiffs further clarify that "[they] do not and did not intend in the filing of

7   their Complaint . . . to allege a Bane Act claim for violation of their own rights."  (Doc. No. 27

8   at 9.)

9           The court finds that, as clarified in their opposition to the pending motion, plaintiffs have

10  alleged only a survival claim under the Bane Act, and thus, defendants' motion to dismiss any

11  derivative claim brought under the Bane Act will be denied.

12  **B.      *A.J.C.* Motion**

13          1.      Whether municipalities may be held directly liable for negligent training, hiring,
                    and/or supervision
14

15          As discussed above, defendants City of Bakersfield and Bakersfield Police Department's

16  seek dismissal of plaintiff's wrongful death claim to the extent that claim includes a claim of

17  negligent hiring, training, and supervision against them under a vicarious liability theory.  (*A.J.C.*,

18  Doc. No. 9-1 at 1–2.)  Defendants argue in this regard that a municipality cannot be held directly

19  liable as to such a claim absent a special relationship.  (*Id.*)

20          In a statement of non-opposition to the granting of this motion, plaintiff A.J.C. notes that

21  allegations regarding the negligent hiring, training, or supervision by defendants appears solely in

22  paragraph 29 of plaintiff's complaint, and that plaintiff is not opposed to that line of the complaint

23  being stricken.  (*Raymond*, Doc. No. 70 at 2.)

24          Accordingly, defendants' motion to dismiss will be granted.

**CONCLUSION**

26  For the reasons stated above:

27          1.      Defendants' motion for partial dismissal (Doc. No. 16) filed in *Crawford Smith v. City*

28                  *of Bakersfield*, No. 1:18-cv-01526-DAD-JLT is granted in part:

11

          i.   Defendant Bakersfield Police Department is dismissed;

         ii.   Claims brought against defendants Chief Lyle Martin and Warren Martin in their official capacity are dismissed;

       iii.   Claims brought against defendant Chief Lyle Martin in his individual capacity is dismissed with leave to amend; and

2. Defendants' motion for partial dismissal (Doc. No. 16) filed in *Crawford Smith v. City of Bakersfield*, No. 1:18-cv-01526-DAD-JLT is denied in all other respects.

3. Defendants' motion for partial dismissal (Doc. No. 9) filed in *A.J.C. v. City of Bakersfield*, No. 1:19-cv-01302-DAD-JLT is granted;

4. The member cases, *Crawford Smith v. City of Bakersfield*, No. 1:18-cv-01526-DAD-JLT, and *A.J.C. v. City of Bakersfield*, No. 1:19-cv-01302-DAD-JLT, are to remain administratively closed while the consolidated action proceeds as *Raymond v. Martin*, No. 1:18-cv-00307-DAD-JLT;

5. Plaintiffs are directed to file any amended complaint authorized by this order, if any, no later than thirty (30) days from the date of this order;

6. The Clerk of the Court is directed to administratively close the motions pending in the *Crawford Smith v. City of Bakersfield*, No. 1:18-cv-01526-DAD-JLT and *A.J.C. v. City of Bakersfield*, No. 1:19-cv-01302-DAD-JLT actions.

IT IS SO ORDERED.

Dated:   **March 31, 2021**                                  

                                        UNITED STATES DISTRICT JUDGE