**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES RAYMOND,<br><br>      Plaintiff,<br><br>    v.<br><br>WARREN MARTIN, et al.,<br><br>      Defendants.<br>INGRID CRAWFORD SMITH, et al.,<br><br>      Plaintiffs,<br><br>    v.<br><br>CITY OF BAKERSFIELD, et al.,<br><br>      Defendants.<br>A.J.C.,<br><br>      Plaintiff,<br><br>    v.<br><br>CITY OF BAKERSFIELD, et al.,<br><br>      Defendants. | Case No.: 1:18-cv-00307 DAD JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE CLAIMS OF JAMES RAYMOND WITHOUT PREJUDICE AND TO JOIN HIM AS A NOMINAL DEFENDANT |

      Plaintiffs assert the defendants are liable for the wrongful death of Augustus Joshua Crawford. James Raymond, the father of the decedent, initiated this action and proceeded *pro se* with his claims.

1

(*See* Docs. 1, 5) Because Raymond has failed to comply with the Local Rules and failed to prosecute his claims and has absented himself from this litigation, the Court recommends his claims be dismissed without prejudice, and the action proceed only with the claims of the remaining plaintiffs.

## I.     Relevant Background

Plaintiff James Raymond initiated this action by filing a complaint on March 5, 2018.  (Doc. 1) The Court reviewed the allegations in the complaint pursuant to 28 U.S.C. 1915(e)(2), and determined he stated cognizable claims against Officer Martin for violations of the decedent's right to be free from the use of excessive force and the defendant's failure to provide medical care. (Doc.  5)  On November 3, 2018, Ingrid Crawford Smith and A.C. also filed a complaint as the successors in interest to the decedent, asserting the City of Bakersfield, Bakersfield Police Department, County of Kern, Chief Martin, and Officer Martin were liable for (1) wrongful death; (2) excessive force in violation of the decedent's civil rights; (3) violations of Cal. Civ. Code §§ 43, 52.1 and the California Constitution; (4) assault; and (5) battery. (*See* Case No. 1:18-cv-1526-DAD-JLT, Doc. 1)  Finally, on September 16, 2019, A.J.C. filed a complaint through her guardian ad litem Bryshanique Allen as a successor in interest to the decedent.  A.J.C. also sought to hold the City of Bakersfield and the Bakersfield police department liable for the wrongful death of the Crawford, violations of the decedent's civil rights, assault, and battery. (*See* Case No. 1:19-cv-1302-DAD-JLT, Doc. 1)  Because the plaintiffs bring similar claims and present similar questions of fact and law, the three actions were consolidated for all purposes.  (*See* Doc. 65)

On June 10, 2021, the Court issued a scheduling order with the applicable deadlines governing the consolidated action. (Doc. 87) The order was served upon James Raymond at the address previously provided by the plaintiff.   However, the order was returned as "Not Deliverable as Addressed: Unable to Forward" but the United States Postal Service on June 24, 2021.  In advance of that, counsel for the other parties were unable to contact Mr. Raymond to obtain his contribution to the joint scheduling conference statement (Doc. 85 at 2) and have been unable to contact him for some time (Doc. 88). To date, Raymond's new and correct address remains unknown, because he has not filed a "Notice of Change of Address" with the Court.

///

2

## II.  Requirements of the Local Rules

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his current address: "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." LR 183(b).  Because more than 63 days have passed since the document was returned as undeliverable because Plaintiff was paroled, he has failed to comply with the Local Rules.

## III.  Failure to Prosecute

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an claims with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to comply with the Local Rules, or failure to obey a court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831.

## IV.  Discussion and Analysis

To determine whether to dismiss for failure to prosecute and failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability

of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

### A. Public interest and the Court's docket

In the case at hand, the public's interest in expeditiously resolving the claims of James Raymond and the Court's interest in managing the docket weigh in favor of dismissal of his claims. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance based upon his failure to comply with the Local Rules and failure to take action to continue prosecution in a timely manner. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (explaining a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh in favor of dismissal of the claims of James Raymond and allowing the action to proceed only with the active plaintiffs. On the other hand, due to the wrongful death claims brought by the other named plaintiffs, and because Mr. Raymond is the father of the decedent, he should be joined as a nominal defendant in this case. *Cross v. Pacific Gas & Elec. Co.*, 60 Cal. 2d 690, 692-93 (1964); *Ruttenberg v. Ruttenberg*, 53 Cal.App.4th 801, 808 (1997).

### B. Prejudice to Defendants

To determine whether the defendant has been prejudiced, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudiced arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Plaintiff has not taken any action to prosecute his claims, and the defendants are prejudiced through an inability to contact him and engage in discovery related to his claims. Accordingly, this factor weighs in favor of dismissal of his claims.

### C. Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering

4

the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, no lesser sanction is feasible given the Court's inability to communicate with Plaintiff. Moreover, the Court recommends that Mr. Raymond be joined as a nominal defendant in this case. *Cross*, 60 Cal.2d 692-93; *Ruttenberg*, 53 Cal.App.4th 801, 808 (1997).

### D. Public policy

Given Plaintiff's failure to comply with the Local Rules and failure to prosecute the action, the policy favoring disposition of claims on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n. 2 (explaining that although "the public policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the other four factors").

## V. Findings and Recommendations

Plaintiff James Raymond has failed to follow the requirements of the Local Rules or to prosecute his claims in this action. As set forth above, the factors set forth by the Ninth Circuit weigh in favor of dismissal of his claims. Accordingly, the Court **RECOMMENDS**:

1. The claims of James Raymond be **DISMISSED** without prejudice;
2. The action proceed with the claims of Plaintiffs Ingrid Crawford Smith, A.C., A.J.C.;
3. That James Raymond be joined as a nominal defendant.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///
///
///
///

1  The parties are advised that failure to file objections within the specified time may waive the
2  right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v.*
3  *Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).
4
5  IT IS SO ORDERED.
6  Dated:   **September 15, 2021**              **/s/ Jennifer L. Thurston**
7                                         CHIEF UNITED STATES MAGISTRATE JUDGE