# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGRID CRAWFORD SMITH, et al., | Case No. 1:18-cv-00307-DAD-SKO |
| Plaintiffs, | **ORDER DENYING WITHOUT PREJUDICE "CONFIDENTIALITY STIPULATION"** |
| v. | |
| CITY OF BAKERSFIELD, et al., | (Doc. 102) |
| Defendants. | |
| _____/ | |

## I.  INTRODUCTION

On March 7, 2022, the parties filed a request seeking Court approval of their "Confidentiality Stipulation." (Doc. 102.) The Court has reviewed the stipulation and has determined that, in its current form, it cannot be approved. For the reasons set forth below, the Court DENIES *without prejudice* the parties' request to approve the stipulation.

## II.  DISCUSSION

**A.  The Stipulation Does Not Comply with Local Rule 141.1(c)**

The stipulation does not comply with Rule 141.1 of the Local Rules of the United States District Court, Eastern District of California. Pursuant to Rule 141.1(c), any proposed protective order submitted by the parties must contain the following provisions:

(1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

(2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

(3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c). The stipulation fails to contain all of this required information.

Local Rule 141.1(c)(1) requires "[a] description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information." The stipulation, in its current form, does not comply with this requirement. (*See, e.g.,* Doc. 102 at 2 (defining eligible material for protection as "any and all Information regardless of format or medium, including personal, proprietary, and financial information, state and federal tax records, and other Information which a party has a right to protect from unrestricted disclosure. In the context of the present case it also includes the information protected by California Penal Code Section 832.7 and California Evidence Code Sections 1043 to 1047.").)

The stipulation also fails to identify the parties' need for protection in anything but the most general terms. (*See id*.) As the parties do not present any *particularized* need for protection as to the identified categories of information to be protected, the stipulation fails to comply with Local Rule 141.1(c)(2), which requires "[a] showing of particularized need for protection as to each category of information proposed to be covered by the order."

Finally, the requirement of Local Rule 141.1(c)(3) is not at all addressed. In its current form, the stipulation does not show "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties."

**B.    The Parties' Stipulation is Denied <u>Without</u> Prejudice**

The parties may re-file a revised proposed stipulation that complies with Local Rule 141.1(c) and corrects the deficiencies set forth in this order.

### III.    CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the parties' request for approval of their "Confidentiality Stipulation" (Doc. 102) is DENIED without prejudice to renewing the request.

IT IS SO ORDERED.

Dated:   **March 8, 2022**              /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

2