UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RAYMOND, et al.,<br><br>                Plaintiffs,<br><br>   v.<br><br>WARREN MARTIN, et al.,<br><br>                Defendants. | Case No. 1:18-cv-00307-KES-CDB<br><br>ORDER RE REQUEST FOR RESOLUTION OF DISCOVERY DISPUTE<br><br>(Doc. 143) |

Currently before the Court is a discovery dispute that the parties have agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure.

**Background**

Plaintiffs Ingrid Crawford Smith, as well as minors A.C. and A.J.C. by and through their guardians ad litem, assert civil rights claims on behalf of themselves and as successors in interest against the City of Bakersfield and Bakersfield Police Department ("BPD") officer Warren Martin arising from the officer-involved shooting and death of Augustus Joshua Crawford (the "Decedent") on November 7, 2017. Plaintiffs commenced separate actions that were consolidated with this first-filed action of a since-dismissed plaintiff.

The operative scheduling order in this case issued on June 10, 2021. (Doc. 87). Fact discovery closed in on March 11, 2022. (Doc. 101). On June 28, 2022, Defendants timely filed a motion for

partial summary judgment. (Doc. 105). The Court convened for oral argument on the motion on March 20, 2024 (Doc. 127). On April 2, 2024, the Court entered an order granting Defendants' motion for partial summary judgment dismissing certain of Plaintiffs' claims, including Plaintiffs' municipal liability claims against the City of Bakersfield. (Doc. 128).

At the Court's direction, on August 6, 2024, the parties filed a joint report in which they confirmed discovery was complete and set forth their respective preferred dates to convene for pretrial conference and trial. (Doc. 131). In their report, Plaintiffs proposed convening for pretrial conference in either December 2024 or January 2025, and commencing trial in either February 2025 or April 2025. *Id*. at 3. Defendants represented they were unavailable to commence trial as soon as Plaintiffs and requested trial commencement in October 2025. *Id.* Accordingly, the assigned district scheduled trial to commence in October 2025. (Doc. 133). Shortly thereafter, on the parties' stipulated request for continuance, trial was continued (and is currently set) for November 12, 2025. (Docs. 136, 137).

On November 15, 2024, Plaintiffs file a motion pursuant to Rule 16 seeking a modification to the scheduling order to permit reopened discovery for the limited purpose of deposing Evan Demestihas. (Doc. 140). The motion was denied without prejudice as Plaintiffs failed to comply with the operative scheduling order and its requirement that parties seek informal discovery dispute resolution prior to filing any motion seeking discovery relief. (Doc. 141) (citing Doc. 87 at 3-4; Local Rule 302(c)(1)). Plaintiffs thereafter properly scheduled an informal discovery dispute conference and the parties filed a joint brief. (Docs. 142, 143).

**The Parties' Discovery Dispute**

Plaintiffs seek to depose former BPD Chief Assistant Demestihas on the grounds that he possesses relevant knowledge concerning the investigation by the office of the California Attorney General into BPD's alleged civil rights violations, including in connection with the death of Decedent. According to Plaintiffs, Demestihas received information from the Attorney General's office that prompted a reexamination of Decedent's death. Plaintiffs argue they only "recently" discovered Demestihas' identity due to Defendants' alleged failure to disclose his identity. Plaintiffs assert Demestihas' testimony would be "crucial" for trial preparation. Defendants oppose reopening discovery, arguing among other things that Plaintiffs did not exercise due diligence in making their

2

request.

November 26, 2024, the Court convened with the parties off the record to address the discovery disputes. (Doc. 144). Attorney Araksya Boyadzyan appeared for Plaintiffs and Attorney Heather Cohen appeared for Defendants. At the beginning of the conference, the parties agreed to resolution of the identified discovery dispute outside the Local Rule 251 formal parameters, agreed to proceed without record, and agreed to abide by an anticipated order of the Court resolving the disputes to the exclusion of seeking relief through either a motion to compel or for protective order.

**Governing Legal Standard**

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). *See Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified. *Id*. If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

**Discussion**

First, Plaintiffs' charge that Defendants violated Rule 26 by failing to disclose the identity of Demestihas is without merit. Under the 2000 amendments to the Federal Rules, the initial disclosure obligation under Rule 26(a) was "narrowed to identification of witnesses and documents that the disclosing party may use to support its claims or defenses. … A Party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use." In other words, Rule 26's witness disclosure provision "only requires the disclosure of witnesses that 'the

disclosing party may use to support its claims or defenses'" – which is narrower than a requirement to identify any witness who may have discoverable information. *Nyerges v. Hillstone Rest. Grp. Inc.*, No. CV-19-02376-PHX-DWL, 2021 WL 3299625, at *10 (D. Ariz. Aug. 2, 2021) (emphasis in original). Defendants clarified during the discovery dispute conference that they do not intend to rely on Demestihas in support of their defenses and, thus, Defendants neither had nor have now a duty to disclose his identity.

Second, Plaintiffs' request to reopen discovery is untimely. Although they represent generally that they only learned of Demestihas' identity "recently" in advance of the discovery dispute conference (Doc. 143 at 1), they clarified during the conference that they learned of his identity in March 2024. That is consistent with Defendants' unrefuted assertion in the parties' joint discovery dispute brief that Plaintiffs discussed their desire or intent to seek to reopen discovery with the formerly assigned district judge approximately eight months prior to the discovery dispute conference. *Id.* at 6-7.

Third, Plaintiffs' characterization that Demestihas' testimony is "crucial" is belied by the procedural background of the case. Thus, in August 2024 (when, as set forth above, Plaintiffs already knew Demestihas may have useful knowledge), the parties filed a joint report in which Plaintiffs requested to commence trial in either February 2025 or April 2025. It was not until trial was set and then continued to November 2025 that Plaintiffs sought an order from the Court reopening discovery. If Plaintiffs considered Demestihas a crucial witness, it was incumbent upon them to timely seek relief. This they did not do.

Plaintiffs assert that "[c]ourts have consistently found that failure to disclose relevant witnesses is grounds for reopening discovery," citing only *R&R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240 (9th Cir. 2012). (Doc. 143 at 4). But that case involves neither a party's nondisclosure of witnesses nor the reopening of discovery – it involved a court's imposition of evidentiary sanctions upon a party for its failure to produce certain documents.

In short, because Plaintiffs have not established that Defendants violated a discovery duty and otherwise have not demonstrated that they diligently sought the discovery relief they seek now, the Court will deny Plaintiffs' request to reopen discovery. *Zivkovic*, 302 F.3d at 1087.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED, Plaintiffs' request to reopen discovery (Doc. 143) is DENIED.

IT IS SO ORDERED.

Dated: __**January 13, 2025**__             _____
                                                                    UNITED STATES MAGISTRATE JUDGE