UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGRID CRAWFORD SMITH, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>WARREN MARTIN, *et al.*,<br><br>    Defendants. | Case No. 1:18-cv-00307-KES-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT UNOPPOSED PETITION TO APPROVE SETTLEMENT OF MINORS' CLAIMS<br><br>(Doc. 160)<br><br>**14-Day Deadline** |

Pending before the Court is the petition of Plaintiffs Ingrid Crawford Smith, A.C. (a minor and successor in interest to Augustus Joshua Crawford, through guardian ad litem Tyshika Williams), and A.J.C. (a minor and successor in interest to Augustus Joshua Crawford, through guardian ad litem Bryshanique Allen) to approve settlement of the minor's claims. (Doc. 160). For the reasons set forth below, the undersigned will recommend that Plaintiffs' petition for approval of minors' compromise be granted and the settlement approved as it is fair, reasonable, and in the best interests of the minor children.

I.    **Background**

James Raymond initiated this action with the filing of a complaint on March 5, 2018. (Doc. 1). Mr. Raymond asserted claims under 42 U.S.C. § 1983 and state law arising from the death of his son, Augustus Joshua Crawford ("Decedent"). *See id.* Plaintiff Ingrid Crawford Smith and minor Plaintiff A.C., through guardian ad litem Ms. Williams, filed a separate action on November 3, 2018. (*Smith, et*

1

*al. v. City of Bakersfield, et al.*, No. 1:18-cv-01526-DAD-JLT). Plaintiff A.J.C., through guardian ad litem Ms. Allen, filed a separate action on September 16, 2019. (*A.J.C. v. City of Bakersfield, et al.*, No. 1:19-cv-01302-DAD-JLT). Finding the cases presented similar claims and questions of law and fact, the action initiated by Plaintiffs Smith and A.C. was consolidated on March 14, 2019, and the action initiated by Plaintiff A.J.C. was consolidated on January 22, 2020. (Docs. 44, 65). Mr. Raymond's claims were dismissed on November 8, 2021, for his failure to comply with the Local Rules and to prosecute the action. (Doc. 92).

On September 5, 2025, after the assigned district judge referred the matter for settlement conference (Doc. 151), the undersigned issued an order setting a settlement conference on December 1, 2025, in Bakersfield, California. (Doc. 153). The conference was rescheduled to February 13, 2026. (Doc. 156). During the settlement conference, the parties settled the case under terms and conditions set forth on the record. (Doc. 158). Thereafter, Plaintiffs filed their petition for approval of the minors' compromise. (Doc. 160). Defendants did not file any opposition and the time to do so has passed.

## II.  **Legal Standard**

District courts have a special duty to safeguard the interests of litigants who are minors. Federal Rule of Civil Procedure 17(c); *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). This "special duty" attaches under *Robidoux* where, as here, a plaintiff's claims arise under federal statute. *E.g., id.* at 1180.

The Local Rules for this district provide that "[n]o claim by or against a minor…may be settled or comprised absent an order by the Court approving the settlement or compromise." L.R. 202(b). Under the circumstances of this case, the motion for approval of a proposed settlement shall be filed pursuant to Local Rule 202, and must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the

settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.  If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court.  The Court may also require the filing of experts' reports when none have previously been prepared or additional experts' reports if appropriate under the circumstances.

L.R. 202(b)(2).  Local Rule 202 also sets forth requirements concerning information that must be disclosed regarding attorney representation: "When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount."  L.R. 202(c).

### III.  Discussion

Minor Plaintiff A.J.C., a female, is seven years old; her parents are Decedent and Bryshanique Allen.  Minor Plaintiff A.C., a male, is nine years old; his parents are Decedent and Tyshika Williams. The motion identifies the claims to be settled, namely excessive force, wrongful death, assault and battery, and violation of California Civil Code §§ 43 and 52.1.  The claims arise from the fatal shooting of Decedent on November 4, 2017, in Bakersfield, California, by officers of the Bakersfield Police Department.  (Doc. 160 at 5-6).

#### A.  Award and Disbursement

The petition provides that, on February 13, 2026, the parties attended a settlement conference before the undersigned, with all parties present.  The parties reached an agreement to settle the action for a global sum of $2,300,000.00.  The amount to be paid to each Plaintiff from that settlement was agreed as follows: $300,000.00 to Ingrid Crawford Smith; $1,000,000.00 to A.J.C.; and $1,000,000.00 to A.C.  *Id.* at 6-7.

Bryshanique Allen, guardian ad litem for A.J.C., has agreed to have the settlement funds paid into a structured settlement annuity, with a guaranteed lump sum payment when A.J.C. turns 18 years old.  Tyshika Williams, guardian ad litem for A.C., has agreed to have the settlement funds paid into a

structured settlement annuity, with guaranteed lump sum payments when A.C. reaches the ages of 18, 20, 22, 24, and 26.  Quest Settlements is handling both minor Plaintiffs' settlement annuities.  (Doc. 160 at 8-9; Doc. 160-1 ¶¶ 9, 13-16).  Plaintiffs attach to their petition the proposed annuity plans for A.J.C. and A.C.  (Doc. 160-1, Exs. A, B).  Plaintiffs also attach all three proposals provided by Quest Settlements and offered to Ms. Allen and Ms. Williams for consideration.  (Doc. 160-4).

The undersigned finds that the methods of disbursement of minor Plaintiffs' funds are fair and reasonable under the circumstances.  *See Shen by & through Brewster v. Club Med SAS*, No. 3:19-cv-00349-BEN-BGS, 2019 WL 6907803, at *3 (S.D. Cal. Dec. 19, 2019), *report and recommendation adopted*, No. 3:19-cv-00349-BEN-BGS, 2019 WL 7343479 (S.D. Cal. Dec. 31, 2019) (finding fair and reasonable structured annuity plans chosen by minor plaintiffs' guardian ad litem, which disbursed funds over a period of years once minors reached the age of majority; one minor plaintiff would receive, for example, "$92,050.73, $95,992.78, $98,999.17, and $101,834.82 at ages 18 through 21").

### B.  Attorney Representation

The petition also provides the relevant background regarding the relationship of counsel to Plaintiffs and Defendants, sufficient to demonstrate that counsel was not retained or involved in this action at the insistence of the parties against whom the causes of action are asserted and that counsel is not employed by any other party or any insurance carrier involved in the action.  Counsel has represented all Plaintiffs during the pendency of the action and each guardian ad litem has signed contingency retainer agreements with counsel for 25% of the recovery from each minor Plaintiff.  (Doc. 160 at 9-10).  Plaintiffs attach the declaration of counsel Araksya Boyadzhyan setting forth the same.  *See* (Doc. 160-1 ¶¶ 1, 11-12).

### C.  Attorney's Fees and Costs

Courts in the Eastern District of California consider 25 percent of the recovery as the benchmark for attorney's fees in contingency cases involving minors.  *See Chance v. Prudential Ins. Co. of Am.*, No. 1:15-cv-01889-DAD-JLT, 2016 WL 3538345, at *3 (E.D. Cal. June 29, 2016) (citing cases).  However, the Ninth Circuit holds that the fairness of a minor plaintiff's recovery should be evaluated "without regard to the proportion of the total settlement value designated for . . . plaintiffs' counsel." *Robidoux*, 638 F.3d at 1182.

4

The retainer agreements between counsel and Plaintiffs provide for both A.J.C. and A.C. to remit 25% of the gross recovery per minor Plaintiff as attorney's fees. Thus, after attorney's fees, minor Plaintiffs each will receive $750,000.00. However, counsel also seeks reimbursement of costs advanced during litigation, totaling $108,723.80. Plaintiffs and counsel have agreed that costs will be split among the minor Plaintiffs and Plaintiff Smith, with each minor paying $50,000.00 and Smith paying $8,723.80. After costs and fees, each minor Plaintiff will receive $700,000.00. (Doc. 160 at 7-8). Thus, deduction of both attorney's fees and costs amounts to 30% of the recovery for each minor Plaintiff. Counsel Ms. Boyadzhyan sets forth the same in her declaration and includes a list of costs incurred, totaling $108,723.80. (Doc. 160-1 ¶¶ 6-8).

In light of the fact that litigation of the underlying consolidated actions began in 2018 (for A.C.) and 2019 (for A.J.C.), and as counsel have represented Plaintiffs during the entire course of the litigation, the Court finds the combined attorney's fees and costs to be reasonable. *See E.S. by & through Gonzalez v. City of Visalia*, No. 1:13-cv-1697-LJO-BAM, 2015 WL 6956837, at *2 (E.D. Cal. Nov. 3, 2015), *report and recommendation adopted*, No. 1:13-cv-01697-LJO-BAM, 2015 WL 13215675 (E.D. Cal. Nov. 20, 2015) (approving compromise where "counsel expect to receive compensation from funds distributed to [minor] in the amount of $90,000 (40 percent of [minor's recovery of] $225,000), along with costs of $4,555.17 (pro rata costs based on the recovery to each plaintiff, i.e. 37.5 percent to [minor])"); *E.C. by & through Caraballo v. Lincoln Mil. Prop. Mgmt. LP*, No. 21-cv-2070-JES-BLM, 2023 WL 4686447, at *3 (S.D. Cal. July 21, 2023) (finding, for a much higher percentage of minor's recovery apportioned for attorney's fees and costs, "[a]lthough the costs are high in relation to the overall settlement amount, the Court finds these costs are reasonable given the difficulty, complexity, and length of the litigation").

### D. Sufficient Particularity Regarding Injury

Plaintiffs represent that A.J.C. and A.C.'s injuries "consist predominantly of emotional harm arising from the loss of [] their father, Decedent," and that damages are based on "loss of familial relationship, comfort, care, and support that Decedent [] would have provided to Plaintiffs." Plaintiffs assert that neither minor Plaintiff witnessed Decedent's death nor suffered any physical injury as a result of the incident. Plaintiffs assert that there are no liens for any medical or psychological care by minor

Plaintiffs.  (Doc. 160 at 9; Doc. 160-1 ¶ 10).  Plaintiffs do not attach any expert reports or consultations to their petition.

### E.  Recovery in Similar Actions

The Court is required to consider the outcome of similar cases to determine whether the sum to settle the minors' claims is reasonable.  *Robidoux*, 638 F.3d at 1181.

Plaintiffs did not provide accounts of recovery in similar actions within the petition.  The undersigned has compared the facts and circumstances of this case to somewhat similar cases and finds that the following comparisons support a conclusion that the proposed settlement is reasonable.  *See, e.g.*, *E.S. by & through Gonzalez*, 2015 WL 6956837, at *2-3 (finding reasonable, for claims arising out of the fatal shooting of minor's father by police officer, $600,000 total settlement amount, with $225,000 for minor child minus $94,555.17 in fees and costs); *Cotton ex rel. McClure v. City of Eureka, Cal.*, No. C 08-4386 SBA, 2012 WL 6052519, at *3 (N.D. Cal. Dec. 5, 2012) (after jury verdict vacated on parties' joint request, the court granted approval of minor's compromise for claims of wrongful death of father against City of Eureka and police officers, in amount of $4,000,000.00 to minor minus fees and costs of $1,353,234.10).

Though the above-cited cases present some circumstances distinct from those in the present action, they each involve allegations where a minor suffered the unexpected loss of a parent due to alleged actions by law enforcement.  The proposed settlement amount presented by the parties here is aligned with these other cases involving similar factual scenarios.

In sum, the Court finds that the proposed settlement amount is fair, reasonable, and in the best interests of the minor children when compared to similar settlements and based on the particular facts of this case.

### IV.     Conclusion and Recommendation

For the foregoing reasons, the undersigned HEREBY RECOMMENDS that:

1. The petition to approve settlement of the minors' claims (Doc. 160) be APPROVED IN FULL;

2. Plaintiffs' counsel be awarded $500,000.00 in attorney's fees ($250,000.00 from each of minor Plaintiffs) and $108,723.80 in costs ($50,000.00 from each of minor Plaintiffs and $8,723.80 from Plaintiff Smith); and

3.  The parties be DIRECTED to file with the Court a stipulation for dismissal of the action with prejudice no later than 30 days after entry of the Court's order approving the minors' compromise.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 14 days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  __**May 14, 2026**__                    _____

UNITED STATES MAGISTRATE JUDGE